UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



JACQUELINE RAY BUTTS,

       Plaintiff,

v.                                        CIVIL ACTION NO. 2:13cv559

DEPARTMENT OF THE NAVY,

       Defendant.

## MEMORANDUM OPINION

This matter comes before the court on the Motion to Dismiss ("Motion") and accompanying Memorandum in Support, filed by the Defendant, the Department of the Navy ("Navy"), pursuant to Federal Rule of Civil Procedure 12(b)(1), and in the alternative, Federal Rule of Civil Procedure 12(b)(6). ECF No. 5.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of an accident that occurred at the Portsmouth Commissary on January 26, 2012. The pro se Plaintiff, Jacqueline Ray Butts, alleges that she "slipped and fell on a mat in front of the romaine lettuce refrigerator in the produce section" of the Portsmouth Commissary on the afternoon of January 26, 2012. Compl. at 2, ECF No. 1. She explains that, following her fall, two Commissary patrons helped her to her feet, and that one of the patrons "made her aware of the water under the

mat." Id. The Plaintiff alleges that the Commissary called paramedics after being notified of the accident, and that the paramedics transported her to Maryview Medical Center, where she was diagnosed with a concussion. Id.

The Plaintiff explains that she saw several doctors and underwent numerous medical tests in the months following the accident. Id. at 2-4, 6-7. She claims that myriad physical injuries resulted from the accident, including "severe headaches every day, eye pain, eye sensitivity, facial numbness, slurred speech, neck pain, back pain, weakness in both legs, left arm and hand pain, pain in both knees and feet, tic (involuntary movements), dizziness, numbness of both legs and feet and left hip pain." Id. at 2. The Plaintiff also claims that the accident caused her arthritis of the spinal cord, left hip, left knee, and right knee. Id. at 8.

In addition to her physical injury claims, the Plaintiff alleges that the Navy failed to conduct a proper investigation of her slip-and-fall accident. Id. at 2. She claims that the Navy's investigation involved surveillance of her through the cable box in her bedroom; monitoring her computer activity, email, cell phone, land line, and security system; nuisance phone calls; and the delivery of unwanted food to her home on two occasions. Id. at 2, 4-8. In support of this claim, the Plaintiff asserts that a change in the number of times she had to press the buttons on her

2

television remote alerted her that "the remote control to the T.V. in her bedroom had to be turning on a mechanism inside her T.V." Id. at 4-5. She also asserts that a Verizon representative told her "in a soft voice that the cable boxes she has in her home have cameras and microphones in them." Id. at 5. Additionally, the Plaintiff claims that the Navy conspired with some of her doctors to "find no fault with her claim," and that her doctors "deliberately avoided and withheld treatment of her left leg." Id. at 3.

Based on these allegations, the Plaintiff asserts claims for personal injury and invasion of privacy under the Federal Tort Claims Act ("FTCA"), and for violation of her civil rights under 42 U.S.C. § 1983. Id. at 1, 8. She also requests an injunction prohibiting the Navy from accessing "digital and electronic devices in her home." Id. at 8.

On or about May 17, 2012, the Plaintiff filed an administrative claim with the Navy. Id. at 3. The Navy denied her claim approximately one year later. Id. at 7. The Plaintiff filed her complaint in the instant case on October 15, 2013. On December 16, 2013, the Navy filed the instant Motion to Dismiss, arguing that the court lacks subject matter jurisdiction to consider the Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1); alternatively, the Navy argues that the Plaintiff's complaint fails to state a claim upon which relief can

be granted under Federal Rule of Civil Procedure 12(b)(6). The Plaintiff was advised of her right to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and this court's Local Civil Rule 7(K), and she did respond. The Motion has been fully briefed, and is now ripe for review.

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)

The plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. See, e.g., United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347-48 (4th Cir. 2009) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). When a defendant challenges the existence of the court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). The district court should grant the Rule 12(b)(1) motion to dismiss "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Id. (quoting Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768).

## B. Failure to State a Claim Upon Which Relief Can Be Granted Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

5

> truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. Venkatraman v. REI Sys. Inc., 417 F.3d 418, 420 (4th Cir. 2005). Overall, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III. ANALYSIS

#### A. The Plaintiff's FTCA Personal Injury Claim

The court lacks subject matter jurisdiction over the Plaintiff's FTCA personal injury claim under Federal Rule of Civil Procedure 12(b)(1), and the claim also fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

##### 1. The Court Lacks Subject Matter Jurisdiction Over the Plaintiff's FTCA Personal Injury Claim Under Rule 12(b)(1).

The court lacks subject matter jurisdiction over the Plaintiff's FTCA personal injury claim because the Department of the Navy is not a proper defendant under the FTCA. The FTCA provides the exclusive remedy for personal injury allegedly caused by employees of the federal government, acting within the scope of

6

their employment. 28 U.S.C. § 2679(a), (b). The FTCA gives district courts exclusive jurisdiction to consider "claims against the United States, for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added).

However, although the United States may be sued under the FTCA, "a federal agency is not to be sued thereunder." Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965); see also Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.") (citing Vernell ex rel. Vernell v. United States Postal Serv., 819 F.2d 108, 110 (5th Cir. 1987); Myers & Myers, Inc. v. United States Postal Serv., 527 F.2d 1252, 1256 (2d Cir. 1975)); Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) (explaining that "the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit"). For purposes of the FTCA, the definition of "federal agency" includes "the executive departments" and "the military departments." 28 U.S.C. § 2671. Thus, as a military department, the Department of the Navy is not a proper defendant in a suit pursuant to the FTCA.

## 2. The Plaintiff's FTCA Personal Injury Claim Fails to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6).

Alternatively, even if the court had subject matter jurisdiction to consider the Plaintiff's FTCA personal injury claim, the court would dismiss the claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Under the FTCA, the court applies the substantive tort law of the state where the allegedly tortious conduct occurred. 28 U.S.C. § 1346(b)(1). The elements of a negligence claim under Virginia law are (1) the existence of a legal duty, (2) violation of that duty, and (3) proximate causation which results in injury. Delk v. Columbia/HCA HealthCare Corp., 259 Va. 125, 132 (2000). In Virginia, the duty of ordinary care a business owes its patrons includes an obligation to remedy or warn of unsafe conditions of which the business has or should have knowledge, except for conditions that are "open and obvious to a reasonable person exercising ordinary care for his own safety." Fobbs v. Webb Bldg. Ltd. P'ship, 232 Va. 227, 229 (1986).

Here, the Plaintiff has failed to allege that the Navy violated the duty of care it owed her as a patron, or that any such violation proximately caused her alleged injuries. The Plaintiff's complaint does not state that her accident at the Portsmouth Commissary resulted from any negligence on the part of any Commissary employee acting within the scope of his or her employment. See generally Compl. She does not allege that the

8

Portsmouth Commissary failed to remedy or warn her of a dangerous condition, or that the water that caused her to slip was not open and obvious. See id. Thus, the court would dismiss the Plaintiff's personal injury claim under the FTCA for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), even if the court had subject matter jurisdiction to consider the claim. See, e.g., Brown v. Cox, No. 2:11cv184, 2011 WL 3269680, at *2 (E.D. Va. July 27, 2011) ("To successfully plead a claim under Iqbal and Twombly, Plaintiff's Complaint must provide sufficient facts to plausibly support each of these elements of the tort.").

### 3. Conclusion

The court **GRANTS** the Plaintiff leave to file an amended complaint within fourteen (14) days of entry of this Memorandum Opinion. The amended complaint must name a proper defendant and allege all the elements of a negligence claim. If the Plaintiff fails to file an amended complaint within the specified time period, or if the amended complaint fails to name a proper defendant or to allege all the elements of a negligence claim, this claim will be dismissed under Rules 12(b)(1) or 12(b)(6) for the reasons set forth herein.

## B. The Plaintiff's FTCA Invasion of Privacy Claim

The court lacks subject matter jurisdiction over the Plaintiff's FTCA invasion of privacy claim under Federal Rule of Civil Procedure 12(b)(1), and the claim also fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

### 1. The Court Lacks Subject Matter Jurisdiction Over the Plaintiff's FTCA Invasion of Privacy Claim Under Rule 12(b)(1).

The court lacks subject matter jurisdiction over the Plaintiff's invasion of privacy claim. First, as explained in the preceding section, the Department of the Navy is not a proper defendant under the FTCA, which provides the exclusive remedy for personal injury allegedly caused by employees of the government, acting within the scope of their employment. See supra Part III.A.1. Second, the Plaintiff failed to present her invasion of privacy claim to the Navy prior to filing the instant lawsuit, as required by the FTCA. The FTCA requires that, prior to filing suit against the United States, a plaintiff must present a written claim for a sum certain to the appropriate federal agency within two years of the date on which the claim accrues. See 28 U.S.C. §§ 2401(b), 2675(a). This requirement "is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

Here, the Plaintiff never presented her invasion of privacy claim to the Navy prior to filing the instant lawsuit. The

Plaintiff filed only one administrative claim following her slip-and-fall accident at the Portsmouth Commissary. See Def.'s Ex. 1 (Declaration of Hal Dronberger), ECF No. 6-1. That claim concerns only the accident at the Portsmouth Commissary and the Plaintiff's alleged physical injuries resulting therefrom. See id. The claim does not mention any of the facts underlying the Plaintiff's invasion of privacy claim, including surveillance of her home, cable box, and cell phone, and unwanted phone calls and food deliveries from the Navy. See id.

Although the Plaintiff attempts to conflate her invasion of privacy claim with her personal injury claim in her response to the Navy's Motion, see Pl.'s Resp. to Def.'s Mot. to Dismiss at 1-2, the claims are separate. The alleged conduct underlying the Plaintiff's invasion of privacy claim occurred several months after she filed her administrative claim with the Navy regarding her alleged personal injury resulting from the slip-and-fall accident. See Pl.'s Resp. to Def.'s Mot. to Dismiss at 1-2. Additionally, the Plaintiff's invasion of privacy allegations do not relate to her slip-and-fall accident and the damages she requested in her administrative claim for her alleged physical injuries resulting therefrom. Moreover, in her complaint, the Plaintiff lists her invasion of privacy and personal injury claims as separate claims. See Compl. at 8. Finally, the Plaintiff concedes that she did not present her invasion of privacy claim to

11

the Navy prior to filing the instant lawsuit. See Pl.'s Resp. to Def.'s Mot. to Dismiss at 1-2. Thus, because the Department of the Navy is not a proper defendant under the FTCA, and because the Plaintiff failed to present her invasion of privacy claim to the Navy prior to filing suit, the court lacks subject matter jurisdiction over the Plaintiff's invasion of privacy claim.

## 2. The Plaintiff's FTCA Invasion of Privacy Claim Fails to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6).

The court also notes that, even if the court did have subject matter jurisdiction over the Plaintiff's invasion of privacy claim, the court would dismiss the claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Under the FTCA, the court applies the substantive tort law of the state where the allegedly tortious conduct occurred. 28 U.S.C. § 1346(b)(1). Under Virginia law, there is no cause of action for invasion of privacy based on intrusion into a plaintiff's private affairs, seclusion, or solitude. See WJLA-TV v. Levin, 264 Va. 140, 160 n.5 (2002). Thus, amendment of the Plaintiff's complaint to name a proper defendant with respect to this claim would be futile, because she has no cause of action on this claim.

### 3. Conclusion

The Plaintiff's FTCA invasion of privacy claim is **DISMISSED**.

## C. The Plaintiff's Civil Rights Claim

The Plaintiff's claim under 42 U.S.C. § 1983 fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Plaintiff bases this claim on a "violation of civil rights . . . for having medical care withheld from her." Compl. at 8. A claim under § 1983 must allege that the plaintiff's "federal rights have been violated by state officials." Braun v. Maynard, 652 F.3d 557, 560 (4th Cir. 2011) (emphasis added). "[Section] 1983 does not apply to federal actors." Dowe v. Total Action Against Poverty, 145 F.3d 653, 658 (4th Cir. 1998) (citing Wheeldin v. Wheeler, 373 U.S. 647, 650 n.2 (1963)); 42 U.S.C. § 1983. Thus, because the Department of the Navy is a federal agency and not a state actor, the Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Anderson v. Daley, No. 1:00-cv-109-A, 2000 WL 34551398, at *2-3 (E.D. Va. Apr. 26, 2000) aff'd sub nom. Anderson v. U.S. Patent Office, 24 F. App'x 103 (4th Cir. 2000) (dismissing with prejudice a § 1983 claim for failure to state a claim upon which relief can be granted where the claim concerned federal action, rather than state action).

Moreover, even were the court to construe the Plaintiff's claim as a claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Plaintiff still fails to state a claim upon which relief can be granted under Rule

12(b)(6). "In Bivens, the Supreme Court held that 'violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages,' despite the absence of any federal statute creating liability." Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006) (emphasis added) (quoting Bivens, 403 U.S. at 389). Thus, because the Plaintiff has failed to name any individual federal agent as a defendant, she has failed to state a claim under Bivens. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 486 (1994) (declining to authorize Bivens actions against agencies of the federal government).

The court **GRANTS** the Plaintiff leave to file an amended complaint within fourteen (14) days of entry of this Memorandum Opinion. The amended complaint must name an individual federal agent or agents as responsible for the Plaintiff's alleged civil rights injury. This claim will be dismissed, if the Plaintiff fails to file an amended complaint within the specified time period, or if the amended complaint fails to name an individual federal agent or agents as responsible for the Plaintiff's alleged civil rights injury.

## D. The Plaintiff's Request for an Injunction

In addition to her claims under the FTCA and § 1983, the Plaintiff seeks an injunction prohibiting the Navy from accessing "digital and electronic devices in her home." Compl. at 8. Although it is unclear whether the Plaintiff bases her request for

14

an injunction on her FTCA or § 1983 claims, neither provides a basis for granting her request. As discussed above, the court lacks subject matter jurisdiction to consider the Plaintiff's personal injury and invasion of privacy claims under the FTCA, and the Plaintiff also has failed to state a claim under Rule 12(b)(6) with respect to both claims. See supra Parts III.A and III.B. Moreover, "injunctive relief is not available under the FTCA." Ajaj v. United States, 479 F. Supp. 2d 501, 550 (D.S.C. 2007); 28 U.S.C. § 1346(b)(1). Additionally, the Plaintiff's § 1983 claim fails to state a claim upon which relief can be granted. See supra Part III.C. Thus, there is no valid basis for injunctive relief. Accordingly, the court **DENIES** the Plaintiff's request for injunctive relief.

## IV. SUMMARY

The Plaintiff's FTCA claim for personal injury will be dismissed, unless the Plaintiff files an amended complaint within fourteen (14) days of entry of this Memorandum Opinion naming a proper defendant and alleging all the elements of a negligence claim; the Plaintiff's FTCA invasion of privacy claim is **DISMISSED**; and the Plaintiff's civil rights claim will be dismissed, unless the Plaintiff files an amended complaint within fourteen (14) days of entry of this Memorandum Opinion properly naming an individual federal agent or agents as responsible for her alleged civil rights injury. Additionally, the Plaintiff's

15

requested injunctive relief is **DENIED**.

Under Federal Rule of Civil Procedure 54, the dismissal of the Plaintiff's invasion of privacy claim is not a final judgment for purposes of appeal, until the court has resolved the Plaintiff's personal injury and civil rights claims. As a result, the Plaintiff may not yet appeal the court's dismissal of this claim.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion to the Plaintiff and to counsel for the Defendant.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

March 5 , 2014