UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



JACQUELINE RAY BUTTS,

       Plaintiff,

v.                              ACTION NO. 2:13cv559

UNITED STATES OF AMERICA, and
DEPARTMENT OF DEFENSE,

       Defendants.[1]

## MEMORANDUM ORDER

This matter is before the court on the Motion to Dismiss ("Motion") filed by the Defendants, the United States of America and the Department of Defense, on March 28, 2014, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 13.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Jacqueline Ray Butts, filed her original Complaint in this case on October 15, 2013. See Compl., ECF No. 1. In her original Complaint, the Plaintiff asserted claims against the Department of the Navy ("Navy") for negligence and

---

[1] In her original Complaint, the Plaintiff sued only the Department of the Navy. However, in the Amended Complaint at issue in the instant Motion, the Plaintiff is suing the United States and the Department of Defense. The defense counsel has appeared on behalf of these two Defendants. See Mot. at 2. Accordingly, the Clerk is **DIRECTED** to caption the case as above.

invasion of privacy under the Federal Tort Claims Act ("FTCA"), and for violation of her civil rights under 42 U.S.C. § 1983. See Compl. at 1, 8. The Navy filed a Motion to Dismiss the Complaint on December 16, 2013. See Mot. to Dismiss, ECF No. 5. On March 5, 2014, the court issued a Memorandum Opinion warning the Plaintiff that her FTCA negligence claim would be dismissed unless she filed an amended complaint naming a proper defendant and alleging all the elements of a negligence claim; dismissing her FTCA invasion of privacy claim; and warning her that her civil rights claim would be dismissed unless she filed an amended complaint properly naming an individual federal agent or agents as responsible for her alleged civil rights injury. See Mem. Op. at 15-16, ECF No. 11.

On March 17, 2014, the Plaintiff timely filed an Amended Complaint. See Am. Compl., ECF No. 12. In her Amended Complaint, the Plaintiff asserts two claims against the United States and the Department of Defense: (1) negligence pursuant to the FTCA; and (2) a violation of civil rights pursuant to 42 U.S.C. § 1983. See id. ¶¶ 1-27. The Amended Complaint is now the operative complaint in this case. Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'") (quoting Crysen/Montenay Energy Co. v.

2

Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000)). The Defendants filed the instant Motion on March 28, 2014, moving to dismiss the Plaintiff's FTCA negligence claim against the Department of Defense, pursuant to Federal Rule of Civil Procedure 12(b)(1). See Mot. at 1. The Defendants' Motion also seeks to dismiss the Plaintiff's civil rights claim against both the United States and the Department of Defense, pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. The Defendants did not move to dismiss the Plaintiff's FTCA negligence claim against the United States, see id., and they filed an Answer denying the substance of that claim. See generally Defs.' Answer, ECF No. 16. On April 9, 2014, the Plaintiff filed a Response to the Defendants' Motion to Dismiss the Amended Complaint,[2] and the Defendants filed a Reply on April 15, 2014.

---

[2] The Plaintiff attached over two hundred pages of exhibits, primarily consisting of medical records, to her Response to the Defendants' Motion to Dismiss the Amended Complaint. The court notes that the Plaintiff may not amend her Amended Complaint with these exhibits. See, e.g., Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.' . . . To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief.") (internal citations omitted). Moreover, to the extent the exhibits underlie the Plaintiff's Amended Complaint, they have no bearing on the legal questions at issue on the Motion to Dismiss. See, e.g., Gasner v. Cnty. of Dinwiddie, 162 F.R.D. 280, 281-82 (E.D. Va. 1995), aff'd, 103

3

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)

The plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. See, e.g., United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347-48 (4th Cir. 2009) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). When a defendant challenges the existence of the court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). The district court should grant the Rule 12(b)(1) motion to dismiss "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Id. (quoting Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768).

---

F.3d 351 (4th Cir. 1996) (explaining that, in considering a Rule 12(b)(6) motion to dismiss, the court may consider those documents attached to or relied upon in the complaint).

4

## B. Failure to State a Claim Upon Which Relief Can Be Granted Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. Venkatraman v. REI Sys. Inc., 417 F.3d 418, 420 (4th Cir. 2005). Overall, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III. ANALYSIS

#### A. The Plaintiff's Negligence Claim Against the Department of Defense

The court lacks subject matter jurisdiction under Rule 12(b)(1) over the Plaintiff's FTCA negligence claim against the Department of Defense. In her original Complaint, the Plaintiff asserted an FTCA negligence claim against the Department of the Navy. See Compl. at 1, 8. In the court's Memorandum Opinion regarding the Plaintiff's original Complaint, the court warned the Plaintiff that her FTCA personal injury claim would be

dismissed unless she filed an amended complaint naming a proper defendant and alleging all the elements of a negligence claim. See Mem. Op. at 9, 15. Here, in her Amended Complaint, the Plaintiff asserts an FTCA negligence claim against both the United States and the Department of Defense. See Am. Compl. at ¶¶ 1-3, 8-16. In the instant Motion to Dismiss, the Defendants move to dismiss the Plaintiff's FTCA negligence claim against the Department of Defense pursuant to Rule 12(b)(1), arguing that the agency is not a proper defendant under the FTCA. See Defs.' Mem. Supp. Mot. Dismiss at 4-5, ECF No. 14.

The FTCA gives district courts exclusive jurisdiction to consider "claims against the United States, for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). However, although the United States may be sued under the FTCA, "a federal agency is not to be sued thereunder." Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965). For purposes of the FTCA, the definition of "federal agency" includes "the executive departments" and "the military departments." 28 U.S.C. § 2671. Thus, like the Department of the Navy, the Department of Defense is not a proper defendant in a suit pursuant to the FTCA.

Accordingly, the Plaintiff's FTCA negligence claim against the Department of Defense is **DISMISSED**.

### B. The Plaintiff's Civil Rights Claim Against the United States and the Department of Defense

The Plaintiff's civil rights claim against the United States and the Department of Defense fails to state a claim upon which relief can be granted under Rule 12(b)(6). In her original Complaint, the Plaintiff asserted a claim against the Department of the Navy for violation of her civil rights under 42 U.S.C. § 1983. See Compl. at 1, 8. In the court's Memorandum Opinion regarding the Plaintiff's original Complaint, the court warned the Plaintiff that a § 1983 claim must be maintained against a state actor, rather than a federal actor. See Mem. Op. at 13-14. The court also warned the Plaintiff that, even if the court were to construe her § 1983 claim as a claim under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), the claim would be dismissed unless the Plaintiff filed an amended complaint naming an individual federal agent or agents as responsible for her alleged civil rights injury. See <u>id.</u> at 14. In their instant Motion to Dismiss, the Defendants argue that the Plaintiff's civil rights claim should be dismissed pursuant to Rule 12(b)(6) because, in her Amended Complaint, the Plaintiff failed to name an individual federal

8

agent or agents as responsible for her alleged civil rights injury. See Defs.' Mem. Supp. Mot. Dismiss at 5-6.

As noted in the court's Memorandum Opinion regarding the Plaintiff's original Complaint, the Plaintiff cannot bring a § 1983 claim against federal actors, such as the Defendants. Thus, pursuant to Rule 12(b)(6), the Plaintiff has failed to state a claim under § 1983. See e.g., Anderson v. Daley, No. 1:00-cv-109-A, 2000 WL 34551398, at *2-3 (E.D. Va. Apr. 26, 2000) aff'd sub nom. Anderson v. U.S. Patent Office, 24 F. App'x 103 (4th Cir. 2000) (dismissing with prejudice a § 1983 claim for failure to state a claim upon which relief can be granted, where the claim concerned federal action, rather than state action).

Additionally, because the Plaintiff has failed to name any individual federal agent as responsible for her alleged civil rights injury, she has likewise failed to state a claim under Bivens. In her Amended Complaint, the Plaintiff does not name any individual federal agent as responsible for her alleged civil rights injury. See generally Am. Compl. In her Response to the Defendants' Motion to Dismiss, the Plaintiff references a person called "My Guy," and notes that he was mentioned in previous filings. See Pl.'s Resp. to Defs.' Mot. Dismiss at 1. However, the Plaintiff's Amended Complaint fails to mention "My

9

Guy," let alone identify him, and the Plaintiff may not amend her Amended Complaint in her Response to the Defendants' Motion to Dismiss. See supra note 1.

Thus, because the Plaintiff has not named an individual federal agent or agents as responsible for her alleged civil rights injury, she has failed under Rule 12(b)(6) to state a civil rights claim upon which relief can be granted. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 486 (1994) (declining to authorize Bivens actions against agencies of the federal government); Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006) ("In Bivens, the Supreme Court held that 'violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages,' despite the absence of any federal statute creating liability.") (emphasis added) (quoting Bivens, 403 U.S. at 389).

Accordingly, the Plaintiff's civil rights claim against the United States and the Department of Defense is **DISMISSED**.

### IV. CONCLUSION

For the reasons stated herein, the Plaintiff's FTCA negligence claim against the Department of Defense is **DISMISSED**. Additionally, her civil rights claim against the United States and the Department of Defense is **DISMISSED**. Under Federal Rule of Civil Procedure 54, the dismissal of these claims is not a

final judgment for purposes of appeal, until the Plaintiff's FTCA negligence claim against the United States is resolved. As a result, the Plaintiff may not yet appeal the court's dismissal of these claims. The case will proceed on the Plaintiff's FTCA negligence claim against the United States.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the Plaintiff and to counsel for the Defendants.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

May 13, 2014